NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA 10-1173 consolidated with KA 10-1174

STATE OF LOUISIANA

VERSUS

GENE PAUL DOWDEN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 77953
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and James T. Genovese, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
Counsel for Defendant/Appellant:
Gene Paul Dowden

**Ronald K. Seastrunk**
**Assistant District Attorney, 30th Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**Counsel for Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

On January 20, 2010, the Defendant, Gene Paul Dowden, was charged by three bills of information: 1) Docket Number 77953, theft of a firearm, a violation of La.R.S. 14:67.15; 2) Docket Number 77954, illegal possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1; and 3) Docket Number 77955, simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2.

On April 28, 2010, the Defendant pled guilty to theft of a firearm and simple burglary of an inhabited dwelling in Docket Numbers 77953 and 77955. In exchange for his guilty plea, the remaining charge of illegal possession of a firearm by a convicted felon in Docket Number 77954 was dismissed, and the State agreed not to charge the Defendant as a habitual offender. The Defendant was sentenced on July 28, 2010. For theft of a firearm, he was sentenced to serve eight years at hard labor, to be served without benefit of probation, parole, or suspension of sentence, and ordered to pay a fine of $750.00, plus court costs. For simple burglary of an inhabited dwelling, the Defendant was sentenced to serve eight years at hard labor, with one year to be served without benefit of probation, parole, or suspension of sentence, and ordered to pay court costs. The sentences were ordered to be served concurrently with each other and consecutively with any other sentence to which Defendant was subject. Following sentencing, the cases were consolidated for the purpose of appeal upon the Defendant's motion.

A motion to reconsider sentence was filed on August 12, 2010, and denied without a hearing on August 16, 2010. On August 16, 2010, the Defendant filed a "Motion for Appeal and Designation of Record," which was granted by the trial court.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that the record contains no pre-plea errors to

1

support reversal of the Defendant's convictions and sentences in this matter. We find there are no non-frivolous issues in this matter. Accordingly, the Defendant's convictions and sentences are affirmed, and counsel's motion to withdraw is granted.

## FACTS

At the Defendant's guilty plea hearing and sentencing, the State established that on May 5, 2009, the Defendant and his fifteen-year-old brother-in-law broke into a residence belonging to the mother and stepfather of the Defendant's brother-in-law. While in the home, they took a number of items, including two handguns.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the records, we find there is one error patent concerning the Defendant's sentence for theft of a firearm.

For a first offense of theft of a firearm, La.R.S. 14:67.15 requires imposition of a fine of one thousand dollars. In this case, the court imposed a fine of $750.00, rendering the Defendant's sentence illegally lenient. However, this court will not recognize an illegally lenient sentence unless it is raised as error.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, the Defendant's appellate counsel has filed a brief stating she has made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this

court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instruments, and the transcripts. The Defendant was properly charged by bill of information for both offenses and was present and represented by counsel at all crucial stages of the proceedings.

At the guilty plea hearing, the Defendant acknowledged he had reviewed the guilty plea form with defense counsel and that he understood it and signed it. The guilty plea form indicated that the Defendant was thirty years old, had nine years of formal education, and could read and write the English language.

Next, the terms of the plea agreement were clarified by the parties. The State indicated that in exchange for the Defendant's guilty plea to theft of a firearm and simple burglary of an inhabited dwelling, the remaining charge of illegal possession of a firearm by a convicted felon would be dismissed. Also, the State would not charge the Defendant as a habitual offender. The Defendant subsequently confirmed the accuracy of the agreement between the parties, expressed his understanding of the guilty plea form, and indicated he had no questions regarding the form.

The Defendant was informed of the elements and penalties of the offenses to which he was pleading guilty and confirmed his understanding of same. Next, he

3

was properly advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), and entered a free and voluntary guilty plea after properly being advised of his rights. The State then moved to dismiss the charge of illegal possession of a firearm by a convicted felon.

The Defendant was subsequently sentenced in conformity with his plea agreement — there were no agreed-upon sentences. Both sentences fall within the respective statutory ranges set forth in La.R.S. 14:67.15 and 14:62.2. For theft of a firearm, first offense, the Defendant faced a maximum sentence of ten years; and for simple burglary of an inhabited dwelling, he faced a maximum sentence of twelve years. Additionally, the trial court imposed a fine less than mandated by the statute for theft of a firearm. In addition to receiving sentences within the statutory ranges, the trial court demonstrated leniency in ordering the Defendant's sentences to run concurrently with each other.

Further, the Defendant received a substantial benefit from his plea agreement. Prior to his plea, the Defendant faced an additional hard-labor sentence of ten to fifteen years, without benefit of probation, parole, or suspension of sentence, and a fine of $1,000.00 to $5,000.00. La.R.S. 14:95.1(B). [1] The Defendant, classified as a fifth felony offender, was also spared the possibility of being charged and adjudicated as a habitual offender pursuant to La.R.S. 15:529.1, significantly reducing his sentencing exposure. Lastly, the Defendant's guilty plea waived all non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976).

---

[1] Louisiana Revised Statutes 14:95.1 was amended in 2010 to provide that the sentence is now at hard labor for not less than ten nor more than twenty years by 2010 La. Acts No. 815, § 1.

4

Our review of the record has revealed no issues which would support an assignment of error on appeal. Therefore, appellate counsel's motion to withdraw is granted.

**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules — Courts of Appeal, Rule 2-16.3.

# COURT OF APPEAL, THIRD CIRCUIT

## STATE OF LOUISIANA

### 10-1173 consolidated with 10-1174

STATE OF LOUISIANA

    Appellee

VERSUS

GENE PAUL DOWDEN

    Defendant-Appellant

On Appeal from the Thirtieth Judicial District Court, Docket Numbers 77953 and 77955, Parish of Vernon, State of Louisiana, Honorable Vernon B. Clark, Judge.

---
## **O R D E R**
---

After consideration of appellate counsel's request to withdraw as counsel and the appeals presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate defense counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this 30th day of March, 2011.

**COURT OF APPEAL, THIRD CIRCUIT**

_____
Judge John D. Saunders

_____
Judge Billy H. Ezell

_____
Judge James T. Genovese